IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 01 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02389-BNB

MICHAEL D. STEIN,

Applicant,

v.

ARISTEDES W. ZAVARAS, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,

Respondents.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Michael D. Stein, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Fremont Correctional Facility. Mr. Stein initiated this action by submitting to the Court a ***pro se*** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Stein is challenging the validity of his conviction and sentence in Case No. 04CR0701, in the Adams County District Court.

In an order filed on October 14, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.

Respondents submitted a Pre-Answer Response on October 31, 2009. After receiving an extension of time, Mr. Stein filed a reply on December 11, 2009.

The Court must construe liberally the Application filed by Mr. Stein because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

On August 31, 2004, Mr. Stein pleaded guilty to attempted sexual exploitation of a child. Pre-Answer Resp. Ex. A at p. 6 (State Court Register of Action). On September 1, 2004, the trial court sentenced Mr. Stein to ten years to life in prison. ***Id.*** at 7.

Mr. Stein filed a direct appeal to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on March 1, 2007. ***See People v. Stein***, No. 04CA2153 (Colo. App. March 1, 2007) (unpublished opinion). The Colorado Supreme Court (CSC) denied certiorari review on August 6, 2007. Pre-Answer Resp. at Ex. D.

On November 20, 2007, Mr. Stein filed a motion for sentence reconsideration pursuant to Colo. R. Crim. P. 35(b). Pre-Answer Resp. Ex. A at p. 7. The trial court denied the motion on November 21, 2007. ***Id.*** Mr. Stein did not file an appeal.

Mr. Stein filed a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c) on March 14, 2008. ***Id.*** The trial court denied the motion by order dated March 21, 2008. ***Id.*** Mr. Stein filed an appeal to the CCA, and the CCA affirmed the trial court on June 4, 2009. ***See People v. Stein***, No. 08CA0756 (Colo. App. June 4, 2009)

(unpublished opinion). The CSC denied certiorari review on September 21, 2009. Pre-Answer Resp. at Ex. G.

Mr. Stein then submitted the instant Application, which was received for filing by the Court on October 7, 2009. Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Stein asserts ten claims for relief. Respondents assert that claims one, three, four, five, six and nine are unexhausted. Pre-Answer Resp. at 5-9. Further, Respondents assert that these claims are now procedurally barred. ***Id.*** at 10-13.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. ***See O'Sullivan v. Boerckel***, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. ***See Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." ***Dever***, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. ***Picard v. Connor***, 404 U.S. 270, 278 (1971); ***see also Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," ***Picard***, 404 U.S.

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. ***See Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Moreover, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. ***See Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Upon review of the opening brief in Mr. Stein's direct appeal, Rule 35(c) appeal and the Application, the Court finds the following. In claim one, Mr. Stein argues that his "guilty plea was obtained as a result of ineffective assistance of counsel," because of numerous alleged failures by counsel, including failure to raise evidentiary challenges and failure to challenge Mr. Stein's sex offender risk assessment and mental health evaluation. Application at 5. Mr. Stein did not present these allegations upon direct appeal. ***See*** Pre-Answer Resp. at Ex. B. While Mr. Stein raised similar allegations of ineffective assistance of counsel in his Rule 35(c) appeal to the CCA, that court "decline[d] to address defendant's ineffective assistance of counsel argument because it was not raised in his Crim. P. 35(c) motion." ***Id.*** at Ex. F, p. 8 (citing ***People v. Goldman***, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion or during hearing on that motion and thus not ruled on by the trial court are

not properly before this court for review.")). Accordingly, the Court finds that claim one is unexhausted.

In claim four, Mr. Stein asserts that "he was convicted of conduct which constituted protected speech as guaranteed by the . . . First Amendment." Application at 13. Here, he asserts that Colo. Rev. Stat. § 18-6-403 is unconstitutional because it "criminalizes possession of **ALL** types of media which contain depictions of legally acceptable behavior." ***Id.*** (emphasis in original). He also argues that a letter which was read into the record at his sentencing constituted protected speech, and its use violated his First Amendment right. ***Id.*** at 14. Respondents asserts, and the Court finds, that Mr. Stein has never previously attacked the constitutionality of Colo. Rev. Stat. § 18-6-403. ***See*** Pre-Answer Resp. at Ex. B; Ex. E. Further, while Mr. Stein argued on postconviction appeal that the use of the letter at sentencing violated his First Amendment right, the trial court and the CCA rejected this claim on the procedural ground that it should have been presented on direct appeal. ***See*** Pre-Answer Resp. at Ex. F, p. 8 (citing Crim. P. 35(c)(3)(VII); ***Dunlap v. People***, 173 P.3d 1054, 1062 n. 4 (Colo. 2007)). Accordingly, the Court finds that claim four is unexhausted.

In claim five, Mr. Stein asserts that he was denied a fair trial in violation of his Sixth and Fourteenth Amendment rights because the prosecutor misstated the terms of the plea agreement, his advisement and the adequacy of his mental health evaluation. Application at 14. Upon review of Mr. Stein's postconviction appeal, the Court finds that although he raises similar allegations, he failed to raise the claim that he was denied a fair trial due to the prosecutor's misstatements. Pre-Answer Resp. at Ex. E. Mr. Stein's

failure to present this claim to the CCA in the same manner that he raises it here renders the claim unexhausted. ***See Picard***, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); ***see also Thomas v. Gibson***, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Accordingly, the Court finds that claim five is unexhausted.

In claim six, Mr. Stein asserts that he was subjected to custodial interrogation without being advised of his right to counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights. Application at 15. However, while Mr. Stein raised this claim on postconviction appeal, the trial court and the CCA rejected it on the grounds that it should have been presented on direct appeal. ***See*** Pre-Answer Resp. at Ex. F, p. 8 (citing Crim. P. 35(c)(3)(VII); ***Dunlap***, 173 P.3d at 1062 n. 4). Accordingly, the Court finds that claim six is unexhausted.

In claim nine, Mr. Stein asserts that he was denied the opportunity to confront the authors of the mental health evaluation report, the alleged recipient of the letter used at sentencing, and the individual who created the internet website on which Mr. Stein posted pictures, in violation of his Sixth Amendment right. Application at 18. Respondents assert, and the Court finds, that Mr. Stein has never previously raised a claim in the state courts asserting a violation of his Sixth Amendment right to

confrontation. ***See*** Pre-Answer Resp. at Ex. B; Ex. E. Accordingly, the Court finds that claim nine is unexhausted.

Although Mr. Stein failed to exhaust state remedies for claims one, four, five, six and nine, the Court may not dismiss these claims for failure to exhaust state remedies if Mr. Stein no longer has an adequate and effective state remedy available to him. ***See Castille***, 489 U.S. at 351. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to Mr. Stein's unexhausted claims. ***See*** Colo. R. Crim. P. 35(c)(3)(VI) & (VII). Therefore, the Court further finds that claims one, four, five, six and nine are procedurally defaulted.

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." ***Cummings v. Sirmons***, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Stein's ***pro se*** status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. ***See Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. ***Jackson v. Shanks***, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a

procedural default." ***Murray v. Carrier***, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. ***See Bousley v. United States***, 523 U.S. 614, 622 (1998).

Mr. Stein fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his unexhausted claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that the claims one, four, five, six and nine are procedurally barred and must be dismissed.

Finally, in claim three, Mr. Stein argues that he did not fully understand the consequences of pleading guilty, i.e., he was not informed that he could receive an indeterminate life sentence in addition to lifetime supervision. Application at 6. He asserts that his uninformed guilty plea violated his right to due process. ***Id.*** Mr. Stein raised this same claim in the opening brief of his Rule 35(c) appeal to the CCA. Pre-Answer Resp. at Ex. H, p. 20-24. Further, the CCA examined the merits of this claim. ***Id.*** at Ex. F, p. 7. Accordingly, the Court disagrees with Respondents' argument that this claim is procedurally defaulted, and finds that claim three is exhausted.

Based on the above findings, the Court will dismiss claims one, four, five, six and nine as procedurally barred. Claims two, three, seven, eight and ten will be drawn to a district judge and to a magistrate judge for further consideration of the merits. Accordingly, it is

ORDERED that claims one, four, five, six and nine are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that claims two, three, seven, eight and ten shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 1st day of February, 2010.

BY THE COURT:

[signature] for

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02389-BNB

Michael D. Stein
Prisoner No. 123217
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

Jonathan P. Fero
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/1/10

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk