IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02389-WYD

MICHAEL D. STEIN,

    Applicant,

v.

ARISTEDES W. ZAVARAS, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,

    Respondents.

ORDER DENYING MOTION TO RECONSIDER

Applicant, Michael D. Stein, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* pleading titled, "Request for Reconsideration of Order to Dismiss in Part and to Draw Case to District Judge and Magistrate Judge," on February 16, 2010 [#18]. The Court must construe the request liberally because Mr. Stein is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The request, therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Stein filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration pursuant to Rule 59(e) are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Stein fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Stein initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on October 1, 2009. On October 14, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a pre-answer response on October 31, 2009, in which they conceded that Mr. Stein's application was timely, but asserted that six of Mr. Stein's claims were both unexhausted and procedurally defaulted. After receiving an extension of time, Mr. Stein filed a reply on December 11, 2009.

On February 1, 2010, District Judge Phillip A. Brimmer entered an order dismissing five of Mr. Stein's claims, and drawing his remaining claims to a district judge and a magistrate judge. In doing so, District Judge Brimmer found that Mr. Stein failed to exhaust state court remedies for claims one, four, five, six and nine. Noting further

that the Colorado Rules of Criminal Procedure prohibit success post-conviction motions with limited exceptions that were not applicable to Mr. Stein's unexhausted claims, Judge Brimmer found that claims one, four, five, six and nine were barred under the doctrine of procedural default. *See, e.g., Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Mr. Stein now argues that Judge Brimmer incorrectly found claims four, six and nine to be procedurally defaulted. Mr. Stein argues that these claims are not exhausted, because he raised them to the state courts during his post-conviction proceeding. Motion to Reconsider at 1-4. He further argues that he "followed the correct procedures for raising these claims and no default occurred." *Id.* at 5. Therefore, he appears to argue that Judge Brimmer's dismissal of these claims was "clear error" justifying a motion to reconsider. *See Servants of the Paraclete*, 204 F.3d at 1012.

Having reviewed the pre-answer response, the reply and Judge Brimmer's Order, the Court can find no clear error. Judge Brimmer carefully examined Mr. Stein's claims and the state court record, and correctly found these claims to be procedurally defaulted. Although Mr. Stein disagrees with the result, he has not asserted any of the major grounds that would justify reconsideration in his case. *See id.* The Motion for Reconsideration, therefore, will be denied. Accordingly, it is

ORDERED that the "Request for Reconsideration of Order to Dismiss in Part and to Draw Case to a District Judge and Magistrate Judge," filed on February 16, 2010 [#18], is **DENIED**.

Dated: March 11, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge